## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## FRIEDLIN V. CROCKIN AND OTHERS.

### March 21, 1918.

1. VARIANCE—*Joint Promise.*—The owner of property, through her agent, leased the property to a corporation. Before the lessee corporation took possession under the lease its stockholders determined to dissolve the corporation, and the agent of the lessor was notified that the property would not be occupied under the lease. The lessor claimed that one of the stockholders of the corporation verbally promised ·the plaintiff's agent that he and the other two stockholders of the corporation would be responsible for the rent until another tenant could be found for the property. The lessor then brought suit against the stockholders as individuals upon the joint promise of ·the stockholders to be responsible for the rent. ·

   *Held:* That the trial court properly instructed the jury that unless the promise was made jointly by all of the defendants, the plaintiff could not recover jointly against all, and the evidence failing to establish such joint promise, the court committed no error in setting aside a joint verdict against all the defendants.

2. FRAUDS, STATUTE OF—*Promise to Answer for Debt of Another.*—In the case at bar, the alleged promise or promises by the individual stockholders to pay the debt of the corporation was or were collateral and not original, and under the statute of · frauds (Code of 1904, section 2840), no action can be brought upon a promise to pay the debt of another unless the promise be in writing signed by the party to be charged thereby or his agent. The plaintiff did not release the corporation, the original debtor, from its obligation, nor did she release or waive any of her legal rights to subject the assets of the corporation to her debt, nor was she asked to do so, and the case is clearly within the letter and reason of the statute.

Error to a judgment of the Hustings Court of city of Portsmouth, on a motion for judgment for money. Judgment for defendant. Plaintiff assigns error.

*Affirmed.*

66

The opinion states the case.

*S. Burnell Bragg* and *Pender & Way* and *Foreman,* for the plaintiff in error.

*Jno. W. Happer* and *Frank L. Crocker,* for the defendants in error.

PRENTIS, J., delivered the opinion of the court.

This controversy arises out of these circumstances: The plaintiff in error, through her agent, Charles R. Welton, leased certain property in the city of Portsmouth to Nathan Crockin, Incorporated, from July 1, 1912, to December 31, 1914, for $75.00 per month. At the time of the lease another tenant, who was not ready to vacate on July 1, 1912, occupied the property, and by consent was permitted to hold it until September 1, 1912. In the meantime the lessee had determined to give up its business, the stockholders had determined to dissolve the corporation, and the agent of the lessor was notified that the property would not be occupied under the lease.

For the plaintiff it is claimed that Nathan Crockin, one of the defendants, verbally promised the plaintiff's agent that he and the other two stockholders of the corporation, Haskell and Lewis, would be responsible for the rent until another tenant could be found for the property. It is upon this alleged promise that this notice of motion for judgment is based. The jury found a verdict in favor of the plaintiff for the amount claimed, which verdict the court set aside as contrary to the law and the evidence, and upon the second trial the plaintiff offered no evidence and there was a verdict and judgment for the defendants.

The plaintiff in error is here claiming that the court

erred in setting aside the first verdict, and that she is entitled to judgment thereon.

The defendants are sued as individuals upon a joint promise, so that the plaintiff can recover against them jointly only in the event that a joint promise is proved. The defendants deny making either a joint or several promise. The evidence of the plaintiff not only fails to sustain such a joint promise, but clearly shows that there was no such joint promise. On the first occasion on which the promise is alleged to have been made by Crockin, one of the defendants, to Welton, agent of the lessor, neither Lewis nor Haskell was present. While there are certain expressions in the testimony of Welton, which, considered alone, might be construed as a promise by Crockin that the three would pay the rent, still his evidence, as a whole, fairly construed, only tends to prove that Crockin promised for himself to pay or to see that one-half of the rent was paid, and that the other half would be paid by the other defendants; but there is no effort to show that he then had any authority to speak for the other defendants, or that there was any consideration therefor. There was another interview in March, 1913, caused by complaints that the rent was not being promptly paid, at which interview Crockin, Haskell and Mrs. Holmes, a sister of the lessor acting as her agent, were present at Welton's office, and Welton was present part of the time. From the evidence of the plaintiff's own witnesses, as to this interview, it clearly appears that the former agreement that Crockin was to be responsible for half of the rent, and that Haskell and Lewis were to pay the other half was confirmed, and Welton, the plaintiff's witness, and rental agent, testifies distinctly, positively and repeatedly that they did not promise to pay it jointly, but that Crockin and Haskell each severally promised to pay $37.50 per month. The corporation dissolved in July, 1913, and no rent accruing after July 15, 1913, was paid. It

appears that the assets of the corporation were applied to the payment of this as well as of its other debts, and that all of the other debts were paid in full except this one.

1. The court upon the first trial properly instructed the jury that unless the promise was made jointly by all of the defendants, the plaintiff could not recover jointly against all, and the jury having disregarded this instruction and found a joint verdict against all of them, the court committed no error in setting it aside.

2. The action cannot be maintained for another reason. The alleged promise or promises by the individual stockholders to pay the debt of the corporation was or were collateral and not original, and under the statute of frauds (Code, section 2840) no action can be brought upon a promise to pay the debt of another unless the promise be in writing signed by the party to be charged thereby or his agent. The plaintiff did not release the corporation, the original debtor, from its obligation, nor did she release or waive any of her legal rights to subject the assets of the corporation to her debt, nor was she asked to do so, and the case is clearly within the letter and reason of the statute. *Waggoner* v. *Gray's Adm'r,* 2 Hen. & M. (12 Va.) 603; *Cutler* v. *Hinton,* 6 Rand. (27 Va.) 509; *Ware* v. *Stephenson,* 10 Leigh (37 Va.) 161; *Noyes* v. *Humphreys,* 11 Gratt. (52 Va.) 636; *Engleby* v. *Harvey,* 93 Va. 444, 25 S. E. 225; 20 Cyc. 172; *Hurst's Hardware Co.* v. *Goodman,* 68 W. Va. 462, 69 S. E. 898, 32 L. R. A. (N. S.) 598, Ann. Cas. 1912 B, 218; *Fields* v. *Bullington,* (Ga. App.) 92 S. E. 653; 20 Cyc. 172, 186.

In our view the dissenting opinion is based upon a misconception of the facts disclosed by the record.

The court properly exercised its discretion in setting aside the first verdict, and the case having been rightly determined, the judgment will be affirmed.

*Affirmed.*

SIMS, J.: dissenting.

I cannot concur in the majority opinion in the view there taken of the issue in controversy or of the facts of the case.

As appears from the notice of motion instituting the action, the contract sued on was not the lease to Nathan Crockin, Inc., but a subsequent contract alleged in such notice to have been entered into by the defendants, "on or about the * * * day of August, 1912," by which they "for valuable consideration agreed to pay the rent for the aforesaid premises in accordance with the terms, conditions and covenants of a certain written lease between Nathan Crockin, Incorporated, a corporation and (the plaintiff) said lease being dated on or about January 26, 1912, until such time as you (the defendants) succeed in renting the said premises for the balance of the unexpired term to a tenant satisfactory to me." Such subsequent contract sued on, as appears from such notice, was not an assumption of the lease to the corporation aforesaid, nor a promise to pay the debt or obligation of such corporation. It was a new and independent contract entered into between the plaintiff and defendants, supported by valuable consideration therefor, as alleged in the notice. It is true the notice refers to the lease to the said corporation but it does so merely as containing a statement of the "terms, conditions and covenants," in accordance with which the contract sued on bound the defendants, "until such time as defendants should succeed in renting the said premises for the balance of the unexpired term (the time mentioned in such lease) to a tenant satisfactory to" the plaintiff.

Accordingly, during the progress of the first trial of the case, it clearly appears that the position of the plaintiff was that the evidence showed the existence of the contract sued on as aforesaid independently of the lease aforesaid, except only as that was referred to as evidencing "the terms, con-

ditions and covenants" aforesaid of the contract sued on during the life of the latter.

And, in my view of it, there was sufficient evidence in the case for plaintiff to support the verdict of the jury on the first trial, which found, in effect, that the joint contract sued on was in fact entered into by all of the defendants as alleged in plaintiff's notice of motion aforesaid. This being a minority opinion, no useful purpose would be served by setting out in detail my view of the evidence, or by any discussion of it. It is deemed sufficient in this dissenting opinion to make the following further statement of the conclusions I reach on certain questions of fact and of my view of the law as applicable thereto:

The evidence, as I view it, shows that upon the faith of said joint contract the plaintiff looked only thereto and gave up any assertion of claim against the Nathan Crockin, Inc., of liability of such corporation to her under said lease, and the plaintiff allowed the stock of goods belonging to such corporation to be taken into possession by Lewis & Haskell and to be sold out by the latter without asserting any claim for rent against such goods under the aforesaid lease to the said corporation. This change of *status quo ante* of the plaintiff to her detriment, was a sufficient valuable consideration to support the said contract which was sued on. *Hamer* v. *Sedway,* 124 N. Y. 538, 27 N. E. 256, 12 L. R. A. 463, 21 Am. St. Rep. 693; Clark on Contracts (3d ed.) p. 134; *Halsey* v. *Peters' Ex'r,* 79 Va. 68.

Further: The evidence for plaintiff in the instant case, as I view it, shows, the testimony for defendants admitted, that the three defendants were the stockholders of the aforesaid corporation, that Crockin in August, 1912, when the contract sued on was alleged to have been made, was negotiating but had not concluded the sale of his interest therein to Lewis & Haskell. They were all three at that time, therefore, interested in freeing the corporation from

liability to the plaintiff under the lease aforesaid to the corporation to accomplish the non-assertion of such liability by the plaintiff against the assets of the corporation, as was in fact accomplished by the making by defendant of the new contract which was sued on according to the testimony for plaintiff, was a sufficient valuable consideration to support such contract. See 15 L. R. A. (N. S.) 222, and note on "Interest of Promisor;" also 29 Am. & Eng. Ency. L., 928-930.

For the foregoing reasons I am constrained, with the utmost deference, to dissent from the majority opinion of the court.