## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Durrette, Irvin and Lemons

v.

Hutson

December 27, 1990

Case No. CL90-214

By JUDGE WILLIAM H. LEDBETTER, JR.

The issue presented is whether the claim asserted by the plaintiff is barred, on its face, by the statute of frauds.

On demurrer, the defendant contends that the undertaking alleged in the motion for judgment is merely that of a surety or guaranty and therefore falls within the writing requirements of Virginia Code § 11-2(4). The plaintiff argues that its pleading sets forth sufficient facts to show an original independent undertaking by the defendant such that the promise is outside the statute. Alternatively, the plaintiff contends that the defendant's promise is adequately evidenced by a writing.

*Facts*

For purposes of this ruling, the court assumes that all facts alleged in the motion for judgment, and reasonable

inferences, are true. *West Alexandria Properties v. First Virginia Mortgage*, 221 Va. 134 (1980).

On April 11, 1989, a member of the plaintiff law firm met with Gracie S. Amos and her daughter, the defendant, to discuss the firm's representation of Mrs. Amos in a personal injury suit. During that meeting, the issue of costs and expenses arose. In a "private discussion" between the attorney and the defendant, the defendant said that "she would be personally responsible for and absolutely guarantee the payment to the firm of any costs or expenses incurred . . . ."

The firm entered into a written retainer agreement with Mrs. Amos on April 19, 1989, and represented her in the litigation. The firm incurred expenses totalling $13,927.30 arising out of its representation of Mrs. Amos in the suit.

### Direct Versus Collateral Promise

Subsection 4 of Virginia's statute of frauds provides: "Unless a promise . . . or some memorandum or note thereof is in writing and signed by the party to be charged . . . no action shall be brought . . . to charge any person upon a promise to answer for the debt of another." Virginia Code § 11-2(4).

Whether the promise of a person to pay a debt for which he or she was otherwise not liable is within the statute of frauds depends on the intention of the parties. If it was intended to be an original promise, it is not within the statute; if it was intended to be collateral, it is. The terms "original" and "collateral," although not used in the statute, distinguish those cases where the direct and leading object of the promise is to promote some interest or purpose of the promisor although the effect of the promise is to pay the debt of another, and those cases where the object is to become surety or guaranty of another's debt. In textbook language, the promise is "original" if made at the time or before the debt is created and credit is given to the promisor, but "collateral" if the promise is merely superadded to the promise of the debtor, he remaining primarily liable. *See* 8B M.J., *Frauds, Statute of*, § 9.

The principal Virginia cases are compiled and discussed in *Colonial Ford Truck Sales v. Schneider*, 228 Va. 671 (1985). There, the Court reiterated the basic rule that if the original debtor remains liable and the undertaking of the third party, the promisor, is merely to ensure or guarantee payment, the undertaking is collateral and within the statute. In analyzing the problem, the Court said, it is not especially material that the promise may have been the primary inducement to performance by the promisee. *See Mid-Atlantic Appliances v. Morton*, 194 Va. 324 (1952). Further, the Court noted, the kind of benefit to the promisor that may make the promise "original" rather than "collateral" is one which the promisor receives or expects to receive at the time the promise is made, not a benefit that arises after the promise. *See Lawson v. States Construction Co.*, 193 Va. 513 (1952).

With these rules in mind, then, the immediate inquiry is whether the plaintiff has set forth sufficient allegations of an "original" promise, so that § 11-2(4) does not apply.

The plaintiff has pleaded in the alternative: it alleges that the defendant stated that she would be "personally responsible for" and "absolutely" guaranteed the payment of costs and expenses incurred. If the defendant promised to be "personally responsible for" the debt, that is surely a factor to be weighed in favor of a finding of an "original" rather than "collateral" undertaking. Nonetheless, the form of expression used, while pertinent, is not dispositive. The real character of the promise largely depends upon the situation of the parties surrounding the transaction and their *mutual understanding* of the language used. *See Colonial Ford, supra.* The circumstances surrounding the defendant's promise in this case, gleaned from the motion for judgment, are recited above. In addition, the defendant wanted the plaintiff law firm to pursue the litigation in the expectation that she would receive some portion of any recovery as a beneficiary of her elderly mother's estate.

These allegations are sufficient to set forth a cause of action on a direct, original, and independent promise, purportedly made by the defendant before the debt was incurred, and with an expectation of direct pecuniary benefit.

Where there is doubt as to whether the oral promise relied on is an original independent promise or a promise to answer for the debt of another, it is for the jury to determine the question in view of the surrounding facts and circumstances. *Way v. Baydush*, 133 Va. 400 (1922).

For the reasons explained above, the demurrer is overruled, and the plaintiff will be put to its proof as to whether the promise, if made, was intended by the parties to be an original undertaking or a collateral guaranty.

### *The Writing*

The plaintiff contends that even if the defendant's promise is found to be merely a collateral guaranty, the writing requirement of the statute of frauds is satisfied by a letter written by the defendant on April 10, 1990, a copy of which is attached to the motion for judgment.

The letter, written to "Brenda" under date of April 10, 1990, contains the following statement: "I made up my mind to sell the house. It's done! I have more medical bills plus bury mom. [Mrs. Amos died shortly after her personal injury suit was concluded.] After I pay the legal fees plus the rest of medicals, this little $30,000.00 is shot." The letter bears the signature of "Kitty" whom the plaintiff alleges is the defendant. Attached to the letter by staple is an adding machine tape with several amounts of money, including one which the plaintiff says is clearly the figure owed for costs and expenses incurred in connection with Mrs. Amos's lawsuit.

In order to satisfy the statute of frauds, the memorandum or writing relied upon need not constitute a contract. It is the underlying oral promise, of which the writing is an accurate statement, that is enforced. No particular form is required, and the writing need not embody the entire agreement beyond its essential terms. *Troyer v. Troyer*, 231 Va. 90 (1986); *Fanney v. Virginia Investment & Mortgage Corp.*, 200 Va. 642 (1959). The purpose of the writing is immaterial; it will suffice although it was never intended to evidence the promise or to comply with the contract. *Horner v. Holt*, 187 Va. 715 (1948).

On the other hand, the writing must contain the names of the parties, the terms and conditions of the

agreement, and the other essential terms. *American Industrial Corporation v. First & Merchants National Bank*, 216 Va. 396 (1975).

Assuming that the plaintiff can prove that "Kitty" is the defendant and that she signed the letter to "Brenda," the cryptic reference to "legal fees" is insufficient to evidence the undertaking, even when complemented by the adding machine tape. Actually, the alleged undertaking upon which the plaintiff sues was not "legal fees" at all but costs and expenses incurred in Mrs. Amos's litigation. Further, the figure set forth on the adding machine tape, $13,597.60, is not the amount of those costs and expenses sued for, although the plaintiff contended at argument on the demurrer that the figure represented the amount billed up to the date the letter was written.

The court being of the opinion that the writing is insufficient, the plaintiff will have to prove that the defendant's promise was a direct and original undertaking, not governed by the statute of frauds, in order to prevail.

### Conclusion

Because the motion for judgment does not state a claim which, on its face, is barred by § 11-2(4), the demurrer is overruled. The plaintiff will be permitted to prove that the promise of the defendant, as alleged in the pleading, was a direct and original promise, not merely a collateral undertaking as surety or guaranty for Mrs. Amos's debt. If the fact-finder determines that the promise was a collateral undertaking to answer for Mrs. Amos's debt, the claim will be barred by § 11-2(4) since the writing relied upon by the plaintiff to satisfy the statute is not sufficient for that purpose.