# CIRCUIT COURT OF THE CITY OF RICHMOND

Crews and Hancock, P.L.C.

v.

RKR Health Management, Inc., et al.

May 24, 2000

Case No. LF-735-3

BY JUDGE RANDALL G. JOHNSON

The court took this case under advisement after the presentation of evidence on May 9 to further consider the individual defendants' plea of the statute of frauds and the consequences of the individual defendants' failure to properly "wrap up" the affairs of the corporation. Having now considered those matters further, the court rules that the individual defendants are not liable for the corporate debt.

## I. *Statute of Frauds*

The statute of frauds, codified in Virginia as Va. Code § 11-2, provides that a promise to pay the debt of another cannot be enforced unless in writing. Specifically, the statute states:

> Unless a promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof is in writing and signed by the party to be charged or his agent, no action shall be brought in any of the following cases. . . .
> 4. To charge any person upon a promise to answer for the debt, default, or misdoings of another. . . .

Plaintiff argues that the above provision does not apply in this case because the individual defendants received a personal benefit. The court disagrees.

In *Mid-Atlantic Appliances v. Morgan*, 194 Va. 324, 73 S.E.2d 385. (1952), our Supreme Court discussed several cases in which creditors attempted to avoid the statute of frauds by arguing that the person orally promising to pay another's debts received a personal benefit. The Court noted that those cases make it clear that such fact is not dispositive. The Court then observed:

"A promise made by one person to pay the existing debt of a third person is not rendered independent of the original obligation so as not to be within the statute of frauds by the mere fact that it is based upon the creditor's forbearance to sue the debtor, or to attach property of the debtor in which the promisor has no personal interest *although the promise was made for the purpose of promoting the promisor's pecuniary interest.*" 49 Am. Jur., *Statute of Frauds*, § 76, p. 430.

Where the question arises as to whether the promise is original or collateral, when made to pay for goods delivered or to be delivered to another, the general rule seems to be that *"the undertaking is collateral and within the statute if the person for whose use or benefit the goods are furnished is liable."* 49 Am. Jur., *Statute of Frauds*, § 90, p. 445.

"According to the better view, the fact that there is an independent consideration for a promise is not conclusive that the promise is not one to answer for the debt of another within the statute of frauds. A promise is collateral and within the statute where the primary purpose of the promisor is to secure the debt of another, *although a benefit actually inures to him because of his promise.*" 49 Am. Jur., *Statute of Frauds*, § 74, p. 426.

In 37 C.J.S., *Statute of Frauds*, § 24, p. 533, this is said: "Generally speaking, an oral undertaking by a person not previously liable, for the purpose of securing the debt or performing the same duty for which the person for whom the undertaking is made remains liable, is within the statute and must be in writing, and if the liability of the debtor is extinguished the promise is original. *The continuance of liability of the original debtor is frequently used as a test in determining whether the contract is collateral or original.*"

194 Va. at 329 (emphasis added).

From the evidence presented at trial, the court finds that the individual defendants never contracted with the plaintiff to have services performed for them. All of the services were to be performed for the corporation. The court also finds that the corporation has never been released from its liability for the debt; in fact, it is a defendant to this action. Accordingly, the individual defendants' promise to pay was collateral. The statute of frauds prevents its enforcement.

## II. *Failure to Properly Dissolve the Corporation*

Plaintiff's other argument in support of its attempt to hold the individual defendants liable for the corporation's debt is that since the individual defendants failed to properly dissolve the corporation, they are now personally liable for all corporate debts. In fact, the evidence shows that the individual defendants not only failed to properly dissolve the corporation, they actually took possession of the corporate assets and converted them to their own use. Still, the court finds that they are not personally liable.

The court is not aware of any case that imposes personal liability on a corporate director or officer for the mere failure to properly dissolve the corporation. In fact, in *Flip Mortgage Corp. v. McElhone*, 841 F.2d 531 (4th Cir. 1988), a case involving a Virginia corporation and Virginia law, the court said just the opposite:

> People dealing with a corporation are obliged to look to the corporation for satisfaction of their claims. Only in extraordinary circumstances are directors liable for corporate debts. Virginia Code Sections 13.1-91 and 13.1-92 must be construed in a manner consistent with the strong public policy of shielding directors from individual liability for corporate debt. *The statute does not impose any liability for corporate debt on the directors simply because the corporation has been automatically dissolved.*

841 F.2d at 534.[1]

Plaintiff is correct, however, when it argues that personal liability attaches to directors who continue to do business in the name of a corporation after dissolution or who convert property of a dissolved corporation to their own

---

[1] Va. Code § 13.1-91, which dealt with the dissolution of corporations for failure to file annual reports, and § 13.1-92, which dealt with the reinstatement of such corporations, were repealed in 1985. The successor statutes are §§ 13.1-752 and 13.1-754.

use. *See, e.g., McLean Bank v. Nelson,* 232 Va. 420, 350 S.E.2d 651 (1986). Such personal liability, however, is limited to the value of the corporation's assets.

In *Flip Mortgage Corp. v. McElhone, supra,* the court found that the directors of a dissolved corporation, SCS, had failed to use assets received at dissolution to pay off the corporation's pre-existing debts. Those debts included a judgment against the corporation in favor of Flip Mortgage Corporation (FMC). It was FMC's argument that when a corporation is dissolved, its directors become trustees and hold all corporate assets in trust for payment of the corporation's debts. If the directors fail to use the corporate assets for that purpose, FMC argued, the directors become personally liable for all of the corporate debt. The trial court agreed and granted summary judgment in favor of FMC for the full amount of its judgment. The Court of Appeals affirmed the trial court's finding that the directors had exposed themselves to personal liability, but reversed its finding that they were personally liable for the entire debt:

> [T]he court must determine the damages caused by the directors' failure in their capacity as trustees to use the assets received at dissolution to pay off the pre-existing debts. Because FMC has received nothing, its damages are potentially as high as the full amount of the debt. . . . *FMC's damages, however, cannot be more than the amount it would have received had there been no breach of trust.* The evidence in the record suggests that the trustees could have discharged most or all of the debt due FMC at the time of dissolution. On remand, the district court should determine the true value of the corporate assets at dissolution and the proportion of that amount that should properly have been distributed to FMC, taking into the equation the debts SCS owed other creditors. *This amount will be the limit of the directors' personal liability in their capacity as trustees for the debts incurred before dissolution.*

841 F.2d at 536-37 (emphasis added, footnotes omitted).

In the case at bar, the only evidence of the value of the corporation's assets at dissolution was Robert Rowe's testimony. Mr. Rowe testified that the only things owned by the corporation were a desk, a chair, a computer, and office supplies. The computer was worth "a couple hundred dollars." No value was put on anything else. There was also no evidence of other corporate debts. The court holds that the burden of proving the value of corporate assets, like the burden of proving most elements of the case, rests with the plaintiff. Its

failure to prove the value of the corporation's assets here requires that judgment be entered in favor of the individual defendants.