SAMUEL TAYLOR v. WILLIAM F. WAHL.

Argued February 24, 1904—Decided February 27, 1905.

1. A promissory note, given for an antecedent debt, although it does not operate to discharge the debt, in the absence of any agreement that it should have that effect, extends the credit until the note matures.

2. No obligation rests upon the owner of a building, under section 3 of the Mechanics' Lien law, to retain in his hands money of the contractor to meet the demand of a stop notice, unless the sum claimed in such notice is actually due at the time when it is served.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, GARRISON and SWAYZE.

For the rule, *Thompson & Cole.*

*Contra, George A. Bourgeois.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff, Taylor, furnished labor and materials to one Cramer, the contractor in the construction of a row of buildings for the defendant, Wahl, and this suit is brought under the third section of the Mechanics' Lien law, which authorizes any person who supplies materials or labor in the construction of a building, after demand for payment made upon the contractor for the money or wages due to him, and refusal thereof by the latter, to give notice in writing to the owner of the building of such refusal, and of the amount due to him and so demanded, and requires the owner thereupon to retain the amount so due and claimed by the materialman or laborer out of the amount owing by the owner on the contract, and to pay the same to such materialman or laborer, on being satisfied of the correctness of said demand, if the same be not paid or settled by the contractor. *Pamph. L.* 1898, *p.* 538. The "stop notice" served by the plaintiff upon the defendant under this statutory provision was dated August 10th, 1901, and was delivered to the defendant on the same day.

The defence made against the plaintiff's claim at the trial was that at the time of the service of the "stop notice" upon the defendant the sum of $1,000 therein claimed to be due and owing from Cramer to the plaintiff was not in fact then

due, and that the defendant had subsequently paid out to other creditors of Cramer the moneys earned by the latter under his contract. To support the contention that the plaintiff's claim was not due at the time of the service of the "stop notice," the defendant proved that on the 23d day of May, 1901, Cramer had given to the plaintiff his promissory note for $1,000, payable in three months from date, and produced testimony to show that this note was given on account of the indebtedness of Cramer for materials and labor furnished by the plaintiff upon the defendant's buildings. The plaintiff denied this and testified that the note was given to him by Cramer purely as accommodation paper, and not on account of Cramer's indebtedness. The trial judge, in charging the jury as to the effect of this defence, instructed them that the plaintiff was entitled to their verdict, unless they should find as a fact that the note was given to and accepted by the plaintiff as a *payment* of his claim to the extent of $1,000.

In this instruction there was error. A promissory note, given for an antecedent debt, although it does not operate to discharge the debt, in the absence of any agreement that it should have that effect, extends the credit until the note matures. *Fry* v. *Patterson*, 20 *Vroom* 612. In the present case, therefore, the effect of the note, if it was given on account of Cramer's indebtedness to the plaintiff, was to extend the time for the payment of that indebtedness until the maturity of the note, August 23d, 1901, thirteen days after the "stop notice" was served. No obligation rests upon the owner of a building, under section 3 of the Mechanics' Lien law, to retain in his hands money of the contractor to meet the demand of a stop notice, unless the sum claimed in such notice is *actually* due at the time when it is served. *Kirtland* v. *Moore*, 13 *Stew. Eq.* 109. The trial court should have instructed the jury that if they found the note was given on account of Cramer's indebtedness to the plaintiff, then, even though it was not given and accepted as payment of that indebtedness, still it extended the time for the pay-

ment thereof until the date of the maturity of the note, and that as the plaintiff's demand on the defendant was made prior to that time the defendant was justified in refusing to recognize that demand and in paying out to other creditors of Cramer the funds of the latter in his hands.

The rule to show cause should be made absolute.