## MOORE v. SHISLER.

(Circuit Court of Appeals, Third Circuit.   September 6, 1923.)

No. 2985.

1. Mechanics' liens ⚖➥113(2)—Prerequisites to stop notice under New Jersey statute.

Under Mechanic's Lien Law N. J. § 3, providing that, whenever any contractor shall on demand refuse to pay a subcontractor "the money * * * due to him," the subcontractor may serve a stop notice on the owner, which shall authorize him to retain the amount of the claim out of the amount owing by him, or that may become due from him under the contract, in order that the stop notice shall be effective, the contractor must first be put in default by refusal to pay an amount then presently due and payable, and demand for a sum which is not yet due under the terms of the subcontract is not effective to authorize a stop notice.

2. Mechanics' liens ⚖➥113(2)—Owner held entitled to avail himself of defense to validity of notice.

Under such statute, where the owner alleges that at the time of service of a stop notice nothing was due from him or became due under his contract, he is interested in and may avail himself of, any defense to the validity of the notice which will prevent a judgment against him.

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Action by David H. Moore against George W. Shisler. Judgment for defendant, and plaintiff brings error. Affirmed.

For opinion below, see 280 Fed. 221.

Norman Harker, of Philadelphia, Pa., and Bolte, Sooy & Gill, of Atlantic City, N. J., for plaintiff in error.

Clarence L. Cole and Lee F. Washington, both of Atlantic City, N. J., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.  The District Judge struck out the complaint of David H. Moore, and entered judgment in favor of the defendant, Shisler. The case is here on writ of error from that judgment. The defendant owned a tract of land in Atlantic City, N. J., and entered into a written contract on July 25, 1919, with Wesley B. Porch to erect 42 dwellings on the tract. Four days later, July 29, 1919, before any work was done, the contract and specifications were filed in the clerk's office of Atlantic county to protect the owner against mechanics' liens. Porch, general contractor, entered into a contract with David H. Moore, subcontractor, to furnish and install the plumbing and heating in the 42 houses. On completion of the plumbing and heating, Moore demanded payment from Porch, who refused to pay, and Moore thereupon notified Shisler in writing of the demand and refusal, and brought suit against Shisler in the Atlantic county circuit court. The case was removed to the federal District Court, and on motion the complaint was stricken out on the ground that suit was instituted before a cause of

⚖➥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

action accrued under the provisions of the contract between Moore and Porch.

[1] The complaint contained two counts. The first one was based on section 3 of the Mechanic's Lien Law of New Jersey as amended (P. L. 1917, p. 821), which provides that when a contractor, upon demand, refuses to pay a subcontractor, the latter may give notice of his demand and its refusal, and file a stop notice with the owner. The second count is based on section 5 of the act (3 Compiled Statutes of New Jersey, p. 3298) which makes the owner liable for payments made "in advance of the terms" or times specified for payment in the contract, if the amount due the contractor from the owner is insufficient to satisfy stop notices served in conformity with the provisions of the act. The answer filed by defendant alleged that the contractor "quit the contract" near the end of the operation, and defendant had to have the work finally finished by others, and that he did not owe the contractor anything. He further set up a special defense that, if anything had been due the contractor, the plaintiff made demand on him before the alleged debt became due.

The contract between Porch and Moore provides:

"On or about the 1st day of every month during the progress of the work, the plumbing and heating contractor [plaintiff] shall submit to the general contractor [Porch] a copy of the pay roll and other expenditures put forth by him, the plumbing and heating contractor, during the previous month; also a statement of the cost of materials incorporated in the structures. Upon the general contractor's receipt of such statement from the plumbing and heating contractor, he shall, within three days of the receipt of same, pay or cause to be paid to the plumbing and heating contractor a sum equal to 50 per cent. of such statement presented by the plumbing and heating contractor.

"At the entire and full completion of the work, the plumbing and heating contractor shall submit to the general contractor a full statement, showing the contract price for the work, plus any additions or deductions, with the full credits, and payment for the balance shall be made within thirty days after the receipt by the general contractor of such statement."

According to Schedule B, annexed to the complaint, the work done and material furnished by plaintiff amounted to $56,152.10, and of that amount he had been paid $36,252.50, leaving a balance due of $19,-899.60. This balance, with interest, constituted the plaintiff's demand. Consequently more than 50 per cent. of plaintiff's monthly statement had been paid, and whatever was due, if anything, was part of the final payment, due 30 days after the submission of a "full statement" to the general contractor. But complaint shows that plaintiff completed his work, rendered his "full statement," made his demand, and served his stop notice, all on July 16, 1920. The defendant alleged that nothing was due Porch under the contract, because he abandoned the contract, and the work of completing the houses by defendant in accordance with its terms required all the money due the contractor. These facts could only be established by a trial. But, whether or not defendant could establish them, the plaintiff is bound by his contract with the contractor, and could not demand the money in question, except in accordance with the terms of his contract. Payment of the second 50 per cent. could be made at any time within 30 days from the time of the

submission of the "full statement" showing the contract price for the work, plus any additions or deductions, with full credits and suit for the nonpayment òf the balance could not be maintained until the expiration of 30 days. Before a subcontractor can make a stop notice effective, he must put the contractor in fault. Until the contractor has refused to pay what is due and in arrear, the statutory remedy is not applicable. Reeve v. Elmendorf, 38 N. J. Law,. 125, 132.

[2] The complainant concedes the above statement, taken from the opinion of Chief Justice Beasley in Reeve v. Elmendorf, to have been the law at the time that opinion was written, but contends that there have been such additions and amendments to the Mechanic's Lien Act as to make the reasoning of the Chief Justice in that case inapplicable to the act as amended, and that the opinion in Reeve v. Elmendorf no longer declares the law. Counsel contends that as the contest, upon serving a stop notice by the subcontractor under section 4 as amended, is no longer between him and the owner, but between him and the contractor, the owner is not concerned as to whether the amount demanded under a contract between the subcontractor and the contractor, in the absence of a notice of dispute given to him by the contractor, and is not entitled to defend on the ground that the contractor does not, under his contract with the claimant, owe the money (at that time) demanded. The argument is based on a supposition contrary to the alleged fact in this case. If, as here alleged, the owner owes nothing to the contractor, he may avail himself of any defense made necessary by the complaint to prevent the establishment of a judgment against him. The claim of the subcontractor is, and must be, based on the contract between him and Moore. He may not proceed against the owner until he has established his claim against the contractor, and put him in default. The owner may avail himself of the defense that the subcontractor began his suit before he had put the contractor in fault, before the demand was due, whether that time was determined by the terms of a note or contract. This conclusion seems sound, both upon principle and authority. Luce's New Jersey Mechanic's Lien Law (2d Ed.) 59; Taylor v. Wahl, 72 N. J. Law, 10, 60 Atl. 63.

We are unable to follow plaintiff's contention, and the judgment of the District Court is affirmed.