### SHISLER v. MOORE.

Circuit Court of Appeals, Third Circuit.
June 7, 1927.

Rehearing Denied June 25, 1927.

No. 3578.

**Frauds, statute of ⊙�center16—Promise by building owner to pay subcontractor for subsequent work, if he would resume work, held not within statute.**

Promise by owner of building to subcontractor, who had stopped work thereon, that if he would resume and finish the work he would pay subcontractor for such after-done work, is not within the statute of frauds, being a promise by owner to pay his own debt, and not the antecedent debt of the contractor.

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Action by David H. Moore against George W. Shisler. Judgment for plaintiff, and defendant brings error. Affirmed.

Clarence L. Cole, of Atlantic City, N. J., for plaintiff in error.

Robert H. McCarter, of Newark, N. J., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. The transaction out of which the present writ of error grows has been the subject of opinions reported in Moore v. Shisler (D. C.) 280 F. 221, and (on appeal) 292 F. 122, reference to which saves needless repetition. Subsequent to such litigation Moore brought the present action at law against Shisler to recover on an alleged promise by the latter to pay for plumbing work thereafter to be done by him on Shisler's property. Moore testified Shisler made such promise, and the work was done because of such promise. Shisler denied he had made such promise, and alleged the work had been done by Moore as a subcontractor for one Porch, who was erecting the buildings for Shisler. The general facts of the case were clearly stated in the charge of the trial judge as follows:

"This is a very simple case, gentlemen of the jury. One George W. Shisler was building 42 houses in Atlantic City. David H. Moore had the plumbing contract. He was a subcontractor under a man named Porch. The work on the houses went along slowly, and, as I recall, Mr. Moore's testimony is that on the 27th day of February, 1920, he took his men off the job because, as he says, he was not being paid and had to do something. After the men had been off a certain number of days, he said that he met Mr. Shisler on the job, and that they had a talk, and Shisler spoke of bringing Philadelphia plumbers down to finish the work, and he was fretful about the matter, and finally Moore says that Shisler told him to put his men back and he would see Moore paid. Moore did put his men back, and Moore has not been paid. Therefore he brings this suit. Now, Shisler denies that he ever said that to Moore. He says he never told him anything of the kind. It is for you to say where the truth lies."

In the charge two issues were submitted to the jury: First, whether Porch owed Moore money when the latter stopped work, which justified him stopping; and, second, if so, whether Shisler thereafter promised Moore, if he would resume, he would pay him for after-done work. Both these issues were found for the plaintiff, and, whether right or wrong, the jury's finding is not a subject of present review. Whether, indeed, the submission of the first issue was not an error against the plaintiff might well be argued; but, as the finding was in plaintiff's favor, the defendant was certainly not injured by making it a condition precedent to the plaintiff's recovery. For as we view it the basic question in this case was not whether Moore was or was not justified in stopping, but whether, after he had stopped, a fact not in dispute, Shisler promised Moore that, if he would resume and finish the work,

he (Shisler) would pay him for such after-done work. This was the nub of the case, for, if such were the facts, then the statute of frauds of New Jersey did not apply; the promise of Shisler being to pay his own debt, and not the antecedent debt of Porch, the contractor, to Moore, his subcontractor.

In that respect the case of Kutzmeyer v. Ennis, 27 N. J. Law, 376, which is strikingly applicable to the present case, holds: "The real ground on which the decision stands is that the promise is not within the statute of frauds. The rule is that, where the promise to pay the debt of another, if founded upon a new consideration, and this consideration passed between the parties to the promise, and gives to the promisor a benefit which he did not enjoy before, and would not have possessed, but for the promise, then it will be regarded as an original promise, and therefore will be enforced, though not in writing. 1 Parsons on Cont. 498. This is the precise position of the parties in this case. The evidence tends to show, and, if the jury believe the plaintiff's witnesses, does show, that, though the work was originally undertaken by Ennis at the instance of the contractors, yet he refused to proceed, and the work was stopped until Kutzmeyer promised payment. The work was not done for a third party, but for Kutzmeyer himself. He was interested in the completion of the work. He received the benefit of it, and he had it in his power to indemnify himself for the advances to Ennis by withholding the money from the contractors. The case falls directly within the authority of Dixon v. Hatfield, 3 Bing. 439; Chit. on Cont. 450."

Such being the law on the basic ground of recovery, and finding no error in the other contentions made, without discussing them, we limit ourselves to stating the judgment below is affirmed.