**UNITED CLAY PRODUCTS CO. v. LINDER.**

No. 7633.

United States Court of Appeals for the District of Columbia.

Argued Feb. 20, 1941.

Decided April 7, 1941.

appellant agreed orally to give prompt notice,[1] broke this agreement, and thereby injured appellee. There was also contrary evidence. The case was heard without a jury. The court made a "Trial Finding for Defendant" (appellee), without more, and entered judgment accordingly.

We must assume that the court found all the disputed facts, including the making of the oral agreement, in appellee's favor. As appellant does not question the validity of the oral agreement, its validity is not before us. Accordingly the agreement, to the extent of the injury which its breach inflicted on appellee, is a defense here. Cases like Kaufman v. Penn Mut. Life Ins. Co.,[2] in which there was no agreement to give notice, are not in point. But appellee received notice of Huff's default in time to withhold, and he withheld accordingly, $68.70 which he would otherwise have paid to Huff. To this extent, as he concedes, he was not injured by lack of notice and is liable on his guaranty. The judgment should be modified accordingly.

Judgment modified.

P. J. J. Nicolaides, of Washington, D. C. (William F. Kelly, of Washington, D. C., on the brief), for plaintiff in error.

Mark P. Friedlander, of Washington, D. C., for defendant in error.

Before GRONER, Chief Justice, and VINSON, and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

Appellee guaranteed, in writing, payment for materials which appellant sold to Huff. Huff defaulted, and appellant sued on the guaranty. Appellee defended on the ground that appellant failed to give prompt notice of Huff's default. There was evidence that

---

[1] Appellee did not plead the oral agreement, but he introduced, without objection, evidence that it was made. Appellant introduced contrary evidence. The Federal Rules of Civil Procedure, 28 U.S.C.A., following section 723c, provide that "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Rule 15(b). The Rules of the Municipal Court provide that "Pleadings in Class A shall be similar in form to those required by the law rules of the District Court of the United States for the District of Columbia." Rule 2, § 8.

[2] 62 App.D.C. 37, 64 F.2d 160, certiorari denied 289 U.S. 763, 53 S.Ct. 793, 77 L.Ed. 1506.