## JONES v. GUICE.
### No. 580.

Municipal Court of Appeals for the
District of Columbia.

Jan. 20, 1948.

Jack Politz, of Washington, D. C., for appellant.

George A. Hospidor, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

This was a suit by a subcontractor for the value of certain plumbing work performed for defendant. The defense was that the work had not been ordered by defendant, that the principal contractor had been fully paid for his work, and that because there was no written authorization by defendant the claim was under the ban of the statute of frauds.

For the plaintiff the testimony was that the job in question was not included in the plans or blueprints covering the principal contract; that while the job was in progress defendant approached one of plaintiff's employees, a plumber working on the job, and asked him to perform the extra work which is the basis of this suit, to which the plumber responded that he could not do so without authority from his employer; that defendant authorized the principal contractor to order the additional work to be done by plaintiff at his, the defendant's expense, and that defendant would "take care of Mr. Guice," the plaintiff; that the work had been completed and that the amount plaintiff charged therefor was reasonable. This testimony was for the most part contradicted by defendant.

The trial judge in deciding the case for plaintiff announced the following specific findings on the factual issues: (1) That the contract did not include the work covered by plaintiff's claim; (2) that the work performed by plaintiff was extra work specifically requested by defendant through the general contractor; (3) that the request for the additional work was made (by defendant) during the course of the performance of the original contract; and (4) that the request was communicated to plaintiff by the general contractor at the request of defendant. The record indicates that these findings were fully supported by the evidence and appellant has given us no satisfactory reason for disturbing them.

The trial judge also ruled as a matter of law that Code 1940, § 38—121, had no application to the facts of this case. We agree that such is the law. The cited section provides:

"No subcontractor, materialman, or workman employed under the original contractor shall be entitled to a personal judgment or decree against the owner of the premises *for the amount due to him from said original contractor*, except upon a special promise of such owner, in writing, for a sufficient consideration to be answerable for the same." (Emphasis supplied.)

It will be seen at once that the statute was intended to protect owners from liability on claims of subcontractors and ma-

terialmen *against their original contractors.* Such, quite plainly, is not this case. Here the initial and only liability grew out of the promise of the owner to pay his own personal debt, not that of the principal contractor. The work involved was not part of the principal contract; nor was the cost thereof chargeable by plaintiff to the principal contractor. It was chargeable to the owner as an original, independent obligation personally contracted by him. Hence the claim was not covered by the statute of frauds, Code 1940, § 12—302, which provides that no action shall be brought "upon any special promise to answer for the debt, default, or miscarriage of another person" unless such promise be in writing. The trial judge was entirely correct in ruling that this section had no application, since the claim was based on the personal promise of the owner to pay his own debt and not that of another. Under these circumstances, as is very well settled, the statute of frauds requires no writing to support the promise.[1]

The judgment of the trial court was correct and must be affirmed.

---

[1] Davis v. Patrick, 141 U.S. 479, 12 S. Ct. 58, 35 L.Ed. 826; Charles Broadway Rouss, Inc. v. Cooper, 5 Cir., 69 F.2d 671; National Surety Co. of New York v. Jackson County Bank, 4 Cir., 20 F.2d 644; Shisler v. Moore, 3 Cir., 19 F.2d 991; Guaranty Trust Co. of New York v. Koeh-ler, 8 Cir., 195 F. 669; Mine & Smelter Supply Co. v. Stockgrowers' Bank, 8 Cir., 173 F. 859; Choate v. Hoogstraat, 7 Cir., 105 F. 713. See also Annotation at 99 A. L.R. 79. See also Restatement, Contracts, Section 184.