Robert W. THOMAS, Appellant,

v.

Ray EHRMANTRAUT, trading as Ray Electric, Appellee.

No. 1587.

Municipal Court of Appeals District of Columbia.

Argued Jan. 17, 1955.

Decided Feb. 15, 1955.

Harry Protas, Washington, D. C., for appellant.

Edmund L. Browning, Jr., Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

This suit involves the claim of Ehrmantraut, an electrical contractor, for work done at the home of Thomas. The job was initially undertaken at the instance of Stoneburner, a general contractor. After his work was completed Ehrmantraut sued Thomas for the balance due him, basing his claim on an express promise to pay.

He testified that during the course of the work Stoneburner had given him a bad check and that when Stoneburner later tendered a second check he refused to continue with the work until after Thomas gave him cash for it. He also testified that Thomas, "said that he would see that we got our money if we went on and finished that job." Plaintiff's father corroborated his testimony. Defendant gave a different version of the

conversation but he did not deny that he had once told plaintiff's father, "Well, I guess I will have to pay it." The trial court found for plaintiff and the case is here on defendant's appeal.

We first consider the contention that the decision was wrong because not supported by substantial evidence. We cannot accept that view. The trial judge had a right to believe that defendant had given plaintiff his direct, personal promise to pay in consideration of plaintiff's agreement to proceed with the work.

But, defendant contends, the verbal promise was invalid. He relies on Code 1951, 38–121, which provides: "No subcontractor, materialman, or workman employed under the original contractor shall be entitled to a personal judgment or decree against the owner of the premises for the amount due to him from said original contractor, except upon a special promise of such owner, in writing, for a sufficient consideration, to be answerable for the same." We agree that if Ehrmantraut's claim had been based on nothing more than his agreement with the contractor, or the owner's verbal promise to pay the contractor's debt, he would clearly be out of court. Mathews v. Libbey Bros., 42 App.D.C. 272. But that is not this case. When the general contractor first defaulted Ehrmantraut could have quit the job, as he threatened to do. Indeed he only agreed to continue in consideration of Thomas' personal, new and direct agreement to pay for the work. The maker of such a promise, though it be merely verbal, is not relieved of the obligation to pay. The same situation arose in Shisler v. Moore, 3 Cir., 19 F.2d 991. A subcontractor had stopped work, and the owner promised that if he would resume and finish the job, he, the owner, would pay for the after-done work. The court held that this was a promise by the owner to pay his own debt and not the antecedent debt of the contractor, and that such promise was enforce-

able, though not in writing. We made the same ruling in a similar building case, where "the claim was based on the personal promise of the owner to pay his own debt and not that of another." Jones v. Guice, D.C.Mun.App., 57 A.2d 190, 191.

We agree with appellee that this case is analogous to those arising under the statute of frauds, where it has many times been held that a promise need not be in writing when it is an original or separate agreement to pay and not the mere assumption of another's debt.[1]

Appellant cites Code 1951, 38–107, which gives a subcontractor the right to a lien against the property when the owner fails to furnish certain information regarding the terms of the contract between owner and contractor. Nothing in that section affects this situation. This subcontractor had no occasion to concern himself with the terms of the main contract after he had made a new and independent agreement with the owner. He was not proceeding against the property as a lienor, but against the owner on his personal promise. And, as we have said, he had a right to expect that the owner would make his promise good. Under these circumstances, when the owner paid off the general contractor, he did so at his peril.

A last assignment of error relates to the judge's refusal to permit defendant to testify as to his agreement with Ehrmantraut. It is true that some questions on the subject were ruled improper because they called for conclusions. But immediately following that in the transcript is a series of questions and answers fully developing the subject. It is clear that defendant was not prejudiced in any way. See Bethesda Salvage Company v. Fireman's Fund Insurance Company, D.C.Mun.App., 111 A. 2d 472.

Affirmed.

1. See, e. g., Davis v. Patrick, 141 U.S. 479, 12 S.Ct. 58, 35 L.Ed. 826; Wilson v. Harburney Oil Co., 10 Cir., 89 F.2d 211; Charles Broadway Rouss, Inc., v. Cooper, 5 Cir., 69 F.2d 671; National Surety Co. v. Jackson County Bank, 4 Cir., 20 F.2d 644.