ARTHUR SNOWDEN CO., Inc., a corporation, Appellant,

v.

Mary D. MEEHAN, Appellee.

No. 1701.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 14, 1955.

Decided Dec. 8, 1955.

---

James T. Barbour, Jr., Washington, D. C., for appellant.

F. Granville Munson, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant corporation brought this action to recover the reasonable value of work performed on four houses belonging to appellee. Originally, appellee had contracted with one Burns to have the houses renovated and remodeled, and under a subcontractual agreement with Burns, appellant was to install the necessary plumbing fixtures. It was contended that after Burns defaulted on the original contract, appellee requested appellant to continue the work and orally promised to pay the reasonable value thereof. The trial court found for appellee and entered judgment accordingly. This appeal followed.

■ Under our Code a subcontractor is not entitled to a personal judgment against the owner of premises for money due him from the general contractor.[1] However, it is well settled that a personal, new and direct promise by the owner to pay for the work, though not in writing, is enforceable and not violative of the statute of frauds, provided such promise is supported by sufficient consideration. Such agreement is construed to be a promise by the owner to pay his own debt and not the antecedent debt of the contractor.[2]

■ The only question on appeal is whether there was sufficient evidence to support the trial court's finding that no new agreement was had between the parties. The record is replete with conflicting testimony. Appellee categorically denied ever having entered into such an agreement. Even appellant's witness was uncertain as to the time and place the alleged promise was made. We have held time and again that under such circumstances it is for the trier of the facts to weigh the credibility of the testimony and the resultant finding will not be disturbed on appeal.

Affirmed.

1. Code 1951, § 38–121.

2. Thomas v. Ehrmantraut, D.C.Mun.App., 111 A.2d 623, and cases cited therein.