DODGE ENGINEERING ASSOCIATES,
Inc., Appellant,

v.

NOLAND COMPANY, Inc., a Corpora-
tion, Appellee.

No. 1881.

Municipal Court of Appeals for the
District of Columbia.

Argued Nov. 13, 1956.

Decided Jan. 14, 1957.

**656**

Philip R. Collins, Washington, D. C., and Howard Larcombe, Silver Springs, Md., for appellant.

Lewe B. Martin, Washington, D. C., with whom Alexander M. Heron, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellee, plaintiff in the trial court, sued appellant for the balance due of $635.79 on the purchase price for certain boiler burner units. The defense was that the specifications of the original order were not met, and that therefore the sum sued for was being withheld by way of recoupment for breach of warranty. The evidence developed that one Burke, a representative for the Kewanee-Ross Corporation, a manufacturer of boilers (hereinafter referred to as K-R), procured orders from defendant which were transmitted to plaintiff, exclusive distributor for K-R in this area, and in turn it sent the orders on to K-R. After some delay the burners were received by defendant. However, according to defendant, they did not entirely fulfill the purchase order specifications, and defendant notified Burke of the alleged defects, but not plaintiff. After making some changes in the units, defendant proceeded to install them. When plaintiff demanded the full purchase price, defendant made only partial payment, claiming the remainder as its reimbursement for expenses incurred in remedying the alleged defects.

The trial judge found as a fact that "* * * delivery of the goods substantially met the requirements of [defendant] and that delivery of the goods was in accordance with the order * * *." On the record before us it does not appear that such finding is manifestly wrong and accordingly we will not disturb it.[1] Thus the defense, which presented only a factual question, fails and the judgment must be affirmed.

However, even assuming that the goods involved were defective, there is still another reason why this judgment must be affirmed. Section 28–1309 of the D.C.Code 1951 provides:

"In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in

1. Nolan v. Werth, 1944, 79 U.S.App.D.C. 33, 142 F.2d 9.

the contract to sell or the sale. But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor."

Since the trial judge found that plaintiff as seller never received any actual notice of the alleged defects, it cannot be held liable therefor.

■ Nevertheless, defendant argues that the notice to Burke was sufficient because Burke was plaintiff's agent, and notice to the agent is notice to the principal. Whether Burke was plaintiff's agent is a factual question and evidence was introduced on this issue, but the trial judge did not make a specific finding. However, the court did find that "it was obligatory on the defendant to contact the seller." Normally, when a trial court makes a general finding, a court of review must assume that all disputed factual issues pertinent to a particular conclusion were resolved in favor of the one who receives the benefit of such conclusion.[2] Accordingly, we must infer that the trial court held that the buyer's obligation to notify the seller was not satisfied by the notice to Burke *because Burke was not the seller's agent,* and the obligation still remained to give notice to the seller.

■ Defendant also argues that even if Burke exceeded his authority or had no authority at all, plaintiff, by entering into the contract with defendant, ratified Burke's act and, since ratification reverts back to the time of the original acts of Burke, thereby made him its agent to whom notice could be given. However, a

necessary element of ratification is that the alleged agent must have purported to act for the principal, that is, he must have undertaken to act in the principal's behalf and make him a party to the transaction.[3] Here, Burke never purported to act for anyone but K-R, as even defendant's own president acknowledged. Hence there was no ratification and Burke never became plaintiff's agent.

■ One other aspect of the case remains. If Burke was the agent of K-R, and we assume that notice to Burke was notice to K-R,[4] should not K-R have notified plaintiff, its own distributor, of the alleged defects? Some support for this theory may be found in Hubshman v. Louis Keer Shoe Co., 7 Cir., 1942, 129 F.2d 137. In that case, a wholesaler of shoes was purchasing directly from the manufacturer. The manufacturer assigned the wholesaler's accounts to a factor, who thereupon sent invoices to the wholesaler requiring that notice of any defects be given to him. Notwithstanding, the wholesaler continued to notify the manufacturer directly of various defects, and adjustments were made and credits given through the factor. When a certain marked defect was discovered, the wholesaler gave notice to the manufacturer, and after receiving no response over a seven-week period, finally sent notice to the factor, who thereafter brought suit. The court held, among other things, that (1) the letters to the manufacturer and those to the factor, although the latter might not have been timely, constituted sufficient notice; (2) in all events, the factor, by his conduct in acquiescing in the former method of receiving notice, was estopped to "insist upon the strict performance of a duty imposed by law or contract." at page 140

2. United Clay Products Co. v. Linder, 1941, 73 App.D.C. 389, 119 F.2d 456; Kresge Department Stores v. Young, D.C.Mun.App.1944, 37 A.2d 448.

3. Slater v. Berlin, D.C.Mun.App.1953, 94 A.2d 38, 42.

4. For a contrary view, see Schroeder Bros. v. Sabelli, 1944, 156 Pa.Super. 267, 40 A. 2d 170, 173, in which it was held that notice to a salesman who had no other authority than to solicit orders was not notice to the manufacturer.

Clearly, this case is distinguishable. No notice was ever given to plaintiff, even if we assume it was given to K-R; nor was there a history of past dealing through the manufacturer in the manner of the Hubshman case. Thus, there is no reason to relieve defendant of its strict duty imposed by law. In the instant case, defendant's contract was with plaintiff; at no time did defendant contract with K-R. It was to plaintiff that defendant would have to look for satisfaction in the event of a breach, and it was to plaintiff, and plaintiff alone, that notice should have been given.

Failing to comply with the statute, defendant cannot now assert any rights because of the claimed breach of warranty and plaintiff is entitled to the full amount of the purchase price. Accordingly, the judgment must be

Affirmed.