**W. B. SMITH, Appellant,**

v.

**Angelo LO CASTRO, Appellee.**

No. 2034.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 5, 1957.

Decided Sept. 6, 1957.

Charles B. Sullivan, Jr., Washington, D. C., for appellant.

Edward L. Genn, Washington, D. C., for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

Smith, a seafood broker, brought this suit against Lo Castro for a balance due for shipments of fish sold and delivered to Charles H. Javins & Sons, Inc., a corporation. The theory of plaintiff's claim as developed at trial was that defendant had bound himself by oral promises to personally pay the debt. There was a general finding for defendant, and this appeal followed.

The Javins corporation had been carried as a charge customer on Smith's books for some twenty years before Lo Castro bought all the stock in the company and took over its operation. At that time there was an outstanding balance due and unpaid by the corporation. Lo Castro's management continued for some eighteen months, during which time further credit was extended to the corporation. The testimony of plaintiff and his wife was that in the fall of 1956, growing concerned over the debt, Smith had a talk with Lo Castro and presented a final statement of the amount due by the corporation, which Lo Castro approved and personally promised to pay. Mrs. Smith testified that at a second conference Lo Castro said he would see Smith paid " * * * if he had to pay for it himself," and that at a final meeting in January 1957, Lo Castro again acknowledged the debt and stated " * * * he personally would still pay for the thing, and * * * promised that he would." Plaintiff quoted defendant as making such statements as " * * * he would see that

I got my money personally * * *," and that " * * * he would personally see that the bill was paid." The general effect of plaintiff's evidence was that defendant personally agreed to pay the debt. But it was admitted that when he was presented with a promissory note covering the debt and asked to sign it personally, he refused.

Lo Castro, called as plaintiff's witness, denied having made any statements at the second meeting but admitted that at the first meeting he may have said he would personally pay the bill. However, his testimony was consistently to the general effect that he merely told plaintiff he would try his best to pay him. Typically, to the query: "Well, who was going to pay it?", he answered, "The corporation. I was trying to do my best to pay the bills." At one point in his testimony he categorically denied that he ever personally guaranteed to pay the account.

It was shown by a series of exhibits and admitted on behalf of plaintiff that all billings, including the final account upon which this suit itself was based, were made to the Javins corporation, and not to Lo Castro. In November 1956, plaintiff filed suit on this claim against the corporation, obtained a judgment on sworn proof that the corporation owed the money, and sought to enforce the judgment by garnishment of corporation assets. The judgment remains unsatisfied because of the subsequent bankruptcy of the corporation.

■ The pivotal issue was whether defendant did in fact make any real, personal promise in his individual capacity to pay the debt owed by the corporation to plaintiff. Ancillary issues were questions of consideration and whether the promise, if made, was original and independent or merely a collateral promise to answer for the debt, default, or miscarriage of another and hence barred by the statute of frauds. D.C.Code, § 12–302. These issues were basically factual, and in view of

the general finding we must assume that they were resolved in favor of appellee. United Clay Products Co. v. Linder, 73 App.D.C. 389, 119 F.2d 456; Dodge Engineering Associates v. Noland Company, D.C.Mun.App., 128 A.2d 655. And there was ample support for the finding.

[2] On defendant's testimony the oral promises were at best vague and uncertain. It was far from clear whether he was pledging himself to pay the indebtedness or simply acknowledging corporate responsibility as its principal officer, and recognizing a moral obligation. Even on plaintiff's evidence there was some doubt as to what was actually said or promised at the meetings; and defendant's refusal to sign a personal note for the debt would seem to negative any intention on his part to assume it as his own. In addition plaintiff had been extending credit to the corporation for over twenty years and all invoices had been billed to the corporation. While plaintiff said he relied on defendant's credit in releasing certain C.O.D. shipments to him, invoices for even these deliveries were issued in the corporate name. Also important is the fact that when plaintiff first decided to take his claim to court he sued the corporation alone, and did not turn to Lo Castro until after bankruptcy of the corporation put his claim in the desperate class.

Finally, but no less significant, the record is completely devoid of any evidence, verbal or documentary, showing a consideration which would support an original promise to pay the claim, independent of the simultaneous responsibility of the corporation. In the absence of such a showing an oral promise has generally been held as collateral to an underlying corporate liability and therefore unenforceable under the statute of frauds. See Mid-Atlantic Appliances v. Morgan, 194 Va. 324, 73 S.E.2d 385, 35 A.L.R.2d 899; Strohecker v. Schumacher & Seiler, 185 Md. 144, 43 A.2d 208. See also note, 35 A.L.R.2d 906. For analogous cases in this jurisdiction, see Arthur Snowden Co. v. Meehan, D.C.Mun.App., 118 A.2d 687; Thomas v. Ehrmantraut, D.C.Mun.App., 111 A.2d 623; Jones v. Guice, D.C.Mun. App., 57 A.2d 190.

But we need not rest our decision on that single proposition. We think an affirmance must be ordered because on the whole evidence it cannot be said that the decision was plainly wrong or without evidence to support it. The trial court could have found (1) that the debt was that of the corporation and not of Lo Castro, (2) that no real promise was ever in fact made by Lo Castro, or (3), if made, it was an original promise unsupported by any evidence of consideration, or (4) that it was collateral to the principal obligation of the corporation and not expressed in any written memorandum sufficient to remove it from the statute of frauds.

Affirmed.