ALVIN EPSTEIN ADVERTISING, a Body Corporate, Appellant,

v.

Ben HELFER and Phil Spector, Appellees.

No. 2104.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 16, 1957.

Decided Feb. 24, 1958.

Leo Michael Linehan, Watertown, Mass., with whom Edward J. Skeens, Washington, D. C., was on the brief, for appellant.

Myer Koonin, Washington, D. C., for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant brought this suit against appellees for an unpaid balance of $297 due on an open advertising account. The defense was that the debt sued upon was the debt of a corporation known as the Redskin Trading Post, Inc., of which appellees were officers. Trial by the court without a jury resulted in judgment for appellees from which this appeal was taken.

At trial appellant introduced evidence tending to show that it dealt with appellees as a partnership. Testimony in behalf of appellees indicated that they only did business as a corporation and that the debt was carried on the books as a corporate obligation. The trial court found in effect that the debt was incurred by the corporation. On appeal appellant makes several attacks on the court's holding, but we are, of course, bound by the ruling on this factual question.

Appellant also contends that appellees adopted the corporate debt. The evidence showed that sometime after the corporation had become insolvent or inactive, appellee Helfer made three payments of twenty-five dollars each to appellant from his personal funds because he wanted "Epstein to get his money." The payments were made in the form of checks.

It is doubtful that this oral statement constituted a promise to pay the corporate debt.[1] Even assuming that it did, we think any claim based on it is barred by the statute of frauds.[2] Appellant argues that the promise was an original promise and thus outside the scope of the statute, but there is no showing in the record of any consideration to support it.[3]

Appellant also claims that if the oral promise be considered collateral, the

---

1. Smith v. Lo Castro, D.C.Mun.App.1957, 134 A.2d 486.

2. Code 1951, § 12–302.

3. Smith v. Lo Castro, supra, note 1.

three checks issued to it after the insolvency of the corporation constituted a writing sufficient to satisfy the requirements of the statute. We cannot agree for two reasons. First, the checks themselves were never offered in evidence, nor were any reasons given for this omission. If the written memorandum evidencing the oral contract is lost or destroyed, its contents may be proved by oral testimony, but it is first necessary to give a satisfactory explanation for the failure to produce it.[4] As we have indicated, this was not done here.

Secondly, even assuming the failure to produce the checks was adequately accounted for,[5] we do not believe the checks were a sufficient memorandum. The general rule is that a check may be deemed to be such a writing if it bears notations or contains references to papers which embody the essential terms of the contract.[6] From all that appears in the record, these checks bore no such notations or references.

Other errors alleged are without merit.

Affirmed.

4. 49 Am.Jur., Statute of Frauds, § 315.

5. Appellees have not raised the point.

6. Annotation, 153 A.L.R. 1112.