838 F.2d 1222
Unpublished Disposition
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
AMERICAN BANKERS' LIFE ASSURANCE COMPANY OF FLORIDA,
Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 87-1343.
 United States Court of Appeals, Federal Circuit.
 Dec. 28, 1987.
 
 Before BISSELL, Circuit Judge, COWEN, Senior Circuit Judge, and PAULINE NEWMAN, Circuit Judge.
 COWEN, Senior Circuit Judge.
 
 DECISION
 
 1
 The decision of the Claims Court, which granted the Government's motion for summary judgment and dismissed the complaint of the appellant (Bank), is vacated and the case is remanded for trial.
 
 OPINION
 
 2
 This appeal involves the construction of a guarantee agreement entered into on July 24, 1979, by the National Marine Fisheries Service to guarantee a loan made by Banks' assignor to Darce, Inc. (Darce) to finance the construction of a fishing vessel, the Ramona. The guarantee agreement provided that the "obligee's right to demand payment under the guarantee expires 90 days from the due date for the payment which is in default." The guarantee agreement also provided that when the payee (Bank) failed to demand payment of the guarantor (the Government) within 60 days after a payment default, the agreement would terminate. In construing these two provisions together, the Claims Court held that the failure of the Bank to give the Government timely notice of Darce's default terminated the guarantee and wholly discharged the Government from any liability thereunder.
 
 
 3
 However, we agree with the contention made by the Bank in the Claims Court and in this appeal that the Bank's failure to give notice of Darce's default did not wholly discharge the Government's obligation under the agreement. In guarantee contracts which provide for notice to the guarantor of the principal's default, it is the general rule that the guarantee's failure to give notice, or its negligence in giving such notice, does not of itself discharge the guarantor from liability and bar a recovery on the guarantee. There must not only be a want of notice but also some actual loss or damage caused to the guarantor, and if such loss or damage does not go to the whole amount of the claim but is only in part, the guarantor is discharged only pro tanto. The burden of proof rests on the guarantor to establish the lack of notice and resulting damage. Reynolds v. Douglass, 37 U.S. 497 (1838); United Clay Products Co. v. Linder, 119 F.2d 456 (D.C.Cir.1941); New Amsterdam Cas. Co. v. United States Shipping Emergency Fleet Bd., 16 F.2d 847, 852 (4th Cir.1927); 38 C.J.S. Guaranty Sec. 63 (1943). See also Conesco Indus. Ltd. v. Conforti and Eisele, Inc., 627 F.2d 312, 316 (D.C.Cir.1980).
 
 
 4
 Relying on this line of authority, the Bank argued in the Claims Court that the Government had not been prejudiced by the Bank's delay in giving notice of Darce's default and that in United States v. Darce, Inc. and the F/V Ramona, No. 85-0792, in the U.S. District Court for the District of Rhode Island, the Government instituted proceedings to foreclose its mortgage on the Ramona, which had been pledged as collateral for the Government's guarantee on the note held by the Bank. The facts regarding the action in the district court were not developed in the Claims Court and are in sharp dispute.
 
 
 5
 The parties agree that Darce gave the Government a mortgage on the Ramona to secure the Government's liability on the guarantee in issue and also to secure the payment of Darce's other indebtedness to the Government. It is not disputed that as a result of the foreclosure action in the district court in Rhode Island, the Ramona was sold and that the Government received the proceeds of the sale. Beyond that point, the parties disagree.
 
 
 6
 The Bank contends that the Government received $200,000 as a result of the foreclosure sale; that the Government has not been damaged on account of the Bank's failure to give the Government timely notice of Darce's default, and that if the Claims Court decision is upheld, the Government will receive a windfall to which it is not entitled. However, the Government contends that the proceeds of the foreclosure sale were properly applied to satisfy Darce's other obligations to the Government. The Government also argues that the Bank's failure to give timely notice of Darce's default deprived the Government of its opportunity to take steps that would secure it against liability on the guarantee agreement.
 
 
 7
 These disputes of material facts, plus the Government's failure to discharge its burden of proof by showing that it was prejudiced and damaged by the Bank's failure to give timely notice of Darce's default, require us to vacate the summary judgment entered by the Claims Court and to remand the case for trial.