J-S72033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL R. WITUCKI, | : | |
| | : | |
| Appellant. | : | No. 1418 MDA 2018 |

Appeal from the PCRA Order Entered, June 1, 2018,
in the Court of Common Pleas of Tioga County,
Criminal Division at No(s):  CP-59-CR-0000033-1998,
CP-59-CR-0000568-1998.

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:               **FILED FEBRUARY 26, 2019**

Daniel R. Witucki appeals *pro se* from the order denying as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-9546.[1]  We affirm.

The facts and procedural history are as follows:  On June 24, 1998, a jury convicted Witucki of first-degree murder.  Because the Commonwealth did not pursue the death penalty, the trial court imposed the mandatory term

---

[1] Although Witucki's notice of appeal contains two docket numbers, our review of the record reveals that the second docket number is only a new docket number assigned to the same proceeding.  Witucki was charged and convicted at one docket number.  Thus, although the notice of appeal technically bears two docket numbers, Pa.R.A.P. 341 and **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (requiring separate notices of appeal for each docket number), are not implicated.

of life in prison that same day. This Court affirmed Witucki's judgment of sentence on July 15, 1999, and our Supreme Court denied allowance of appeal on November 24, 1999. *Commonwealth v. Witucki*, 742 A.2d 1154 (Pa. Super. 1999), *appeal denied*, 747 A.2d 368 (Pa. 1999).

On November 29, 2000, Witucki filed his first *pro se* PCRA petition. The PCRA court appointed counsel, and PCRA counsel filed an amended petition on June 25, 2001. By order entered October 5, 2001, the PCRA court denied the amended petition. We affirmed the PCRA court's order denying on December 24, 2002, and our Supreme Court denied Witucki's petition for allowance of appeal on August 27, 2003. *Commonwealth v. Witucki*, 817 A.2d 1187 (Pa. Super. 2002), *appeal denied*, 829 A.2d 1157 (Pa. 2003).

Witucki filed his second *pro se* PCRA petition on May 15, 2012. The PCRA court again appointed counsel. The PCRA court denied the petition by order entered January 18, 2013. We affirmed the order denying post-conviction relief on December 24, 2013. *Commonwealth v. Witucki*, 93 A.3d 519 (Pa. Super. 2013). Witucki did not seek further review.

Thereafter, Witucki filed a *habeas corpus* petition in which he challenged his continued illegal confinement because a statutory section was not listed in his sentencing order. The PCRA court denied this petition on September 30, 2014. On November 10, 2015, this Court agreed that Witucki's claim did not entitle him to post-conviction relief. *See Commonwealth v. Witucki*, 134 A.2d 486 (Pa. Super. 2015), judgment order at 1 (citing *Commonwealth v.*

*Stultz*, 114 A.2d 865 (Pa. Super. 2015). In addition, we rejected Witucki's "vague arguments that his life imprisonment sentence is illegal and violates due process." *Id.* Because Witucki "was procedurally and properly sentenced on the first degree murder conviction in 1998," we affirmed the order denying him post-conviction relief. *Id.* at 1-2. Witucki did not seek further review.

On February 25, 2016, Witucki filed a petition for writ of *habeas corpus*, which the PCRA court properly treated as a PCRA petition. On March 31, 2016, the PCRA Court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition as untimely, and noted Witucki's failure to plead or prove any of the exceptions to the PCRA's time-bar. Witucki filed his response on April 11, 2016, and the PCRA court dismissed the petition by order entered April 25, 2016. We agreed with the PCRA court's conclusion, and affirmed its order denying post-conviction relief. *Commonwealth v. Witucki*, 134 A.3d 486 (Pa. Super. 2016). Witucki did not seek further review.

On February 15, 2018, Witucki filed the petition for *habeas corpus* relief at issue. Treating this latest filing as a serial PCRA petition, the PCRA court, on May 11, 2018, issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition as untimely, and again noted Witucki's failure to plead or prove any of the exceptions to the PCRA's time-bar. Witucki filed his response on May 29, 2018, and the PCRA court dismissed the petition by order entered on June 1, 2018. This timely appeal follows. Both Witucki and the PCRA court have complied with Pa.R.A.P. 1925.

Witucki raises the following issue in his brief:

> A. Whether the PCRA court abused its discretion in dismissing Witucki's petition for habeas corpus relief since his confinement is based on a conviction and sentencing that violated due process in that first degree murder can only be legally reached in a capital murder case and sentencing mandates jury deliberation?

*See* Witucki's Brief at 3.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. ***Commonwealth v. Jordan***, 772 A.2d 1011, 1104 (Pa. Super. 2001).

Initially, we first conclude that the PCRA court properly treated Witucki's latest habeas corpus petition as a serial PCRA petition. ***See Commonwealth v. Taylor***, 65 A.3d 462, 465-66 (Pa. Super. 2013) (explaining that a habeas corpus petition must be treated as a PCRA petition when the issues raised therein are cognizable under the PCRA).

Before addressing the issue raised by Witucki on appeal, we must next determine whether the PCRA court correctly concluded that Witucki's latest PCRA petition is untimely.

The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[2]  42 Pa.C.S.A. § 9545.  A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented."  **See Hernandez**, 79 A.3d

---

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

651-52 (citations omitted); *see also* 42 Pa.C.S.A. § 9545(b)(2). Finally, exceptions to the PCRA's time bar must be pled in the petition, and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Here, because Witucki did not seek further review after our Supreme Court denied his petition for allowance of appeal on November 24, 1999, his judgment of sentence became final ninety days thereafter, on or about February 22, 2000. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct. R. 13. Thus, for purposes of the PCRA's time bar, Witucki had to file his first PCRA petition by February 22, 2001. Witucki filed his latest petition in 2018. Thus, the petition is patently untimely, unless Witucki satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

Witucki has failed to plead, let alone prove, any exception to the PCRA's time bar. Rather, he argues the PCRA does not apply to his present claim. He is wrong. ***See Taylor***, ***supra***. Moreover, we note that "although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition." ***Id.*** at 465. Finally, our review of the certified record reveals that Witucki raised same sentencing issue in his previous filings in 2015 and in 2016. Thus, the issue is "previously litigated" under the PCRA. ***See*** 42 Pa.C.S.A. § 9544(a).

In sum, Witucki's serial PCRA petition is untimely, and he has not established any statutory exception. Thus, the PCRA court correctly concluded it lacked jurisdiction to consider Witucki's underlying claim, and we affirm the order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/26/2019